**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REGINALD BINION, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1304-CR-177 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1111-FA-50

**January 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Reginald Binion (Binion), appeals the fifteen-year sentence imposed after he pled guilty to attempted armed robbery, a Class B felony, Ind. Code § 35-42-5-1; -41-5-1.

We affirm.

## ISSUE

Binion raises one issue, which we restate as: Whether his sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On October 31, 2011, twenty-year-old Binion and an accomplice, both armed with handguns, entered a convenience store in Gary owned and operated by Ahamad Ghouleh (Ghouleh). Both men held their guns to Ghouleh's head, demanded money, and threatened to shoot him. They also held two other employees at gunpoint. Ghouleh feared for his life because Binion, a customer at Binion's store, did not conceal his face.

On November 2, 2011, the State filed an Information charging Binion with Count I, attempted murder and Count II, attempted robbery. On February 11, 2012, Binion pled guilty to Count II, the State dismissed Count I, and the parties agreed to argue for sentencing. At the March 11, 2013 sentencing hearing, the trial court accepted Binion's plea.

The evidence revealed that Binion has an extensive criminal history that included nine contacts with the Cook County Illinois Juvenile Court, one of which resulted in a conviction for aggravated robbery. Binion received an eight-year sentence for this offense

and served four years and six months in Boot Camp until he turned eighteen and was released on parole. Binion subsequently violated his parole when he failed to enroll in substance abuse treatment. Binion also has one adult misdemeanor conviction for possession of marijuana. The evidence further revealed that Binion is the father of four children. He has not established paternity for any of these children and does not financially support them. Following the presentation of evidence at the sentencing hearing, the trial court sentenced Binion to the Department of Correction for fifteen years executed.

Binion now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Binion argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When considering whether a sentence is inappropriate, we give due consideration to the trial court's decision. *Allen v. State*, 925 N.E.2d 469, 481 (Ind. Ct. App. 2010), *trans. denied.*

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of the sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class B felony is ten years, with a range of six to twenty years. Ind. Code §

35-50-2-5. The trial court sentenced Binion to fifteen years, which is five years more than the advisory sentence, and five years less than the maximum sentence.

With respect to the nature of the specific crime, Binion attempted to rob a convenience store that he patronized by holding a gun to the store-owner's head and threatening to shoot him. Binion also held two other store employees at gunpoint. With regard to Binion's character, Binion, who was twenty years old when he committed this offense, has an extensive criminal history including nine contacts with the Cook County Illinois Juvenile Court, one of which is a conviction for aggravated robbery, a similar offense to which Binion pleaded guilty in this case. Binion received an eight-year sentence for this previous offense and served more than four years in Boot Camp. He was released when he was eighteen years old and placed on parole. He subsequently violated his parole and was convicted of misdemeanor possession of marijuana. Binion also has four children whom he does not financially support. Giving due consideration to the trial court's decision, we cannot say that Binion's sentence is inappropriate.

<u>CONCLUSION</u>

Based on the foregoing, we conclude that the trial court properly sentenced Binion.

Affirmed.

VAIDIK, C.J. and MAY, J. concur